Pearson, J.
I concur in the opinion, that it was not error to advise the jury to put out of the case the declarations, which had been offered in evidence — it being admitted, that the persons making them, although they stood on the record as propounders, were in fact interested to defeat the probate. If the objection had been made in the first instance, before the evidence was heard, Enloe v Sherrill, 6 Ind. 212, is direct authority for its exclusion, upon the ground, that, if one, whose interest it is to defeat the probate, makes himself a propounder, with a view that his declarations may be given in evidence by the caveator, this is a fraud, which the Court should defeat by striking out his name as propounder, and placing him as caveator. This right of the Court is deduced from the position, that it is not an adversary suit, but a “ proceeding in rem,” to which there are strictly no parties, — both sides being equally actors “in obedience to the order of the Court directing the issue,” as had been before held in St. John’s Lodge v Callender, 4 Ire. 343.
The only difficulty arises from the fact, that the objection was not made before the evidence was heal’d; and it is insisted, that, not being taken in “apt time,” it came too late, under the rule, that, if a party permits evidence to go to the jury, so that he will have the benefit of it, if it be in his favor, he is not at liberty to object to it, should it turn out to be against him. This is a rule of the common law, founded on good sense ; and, if this was a suit to be conducted according to the course of the common law, where the parties necessarily take adversary positions, corresponding with their legal interests and liabilities, and are left by the Court to take care of themselves, the difii- *366 culty would be insuperable. But the rule is not applied to the present proceeding, where, by the statute, the issue is made up and tried by a jury under the direction of the Court. The Court, in such cases, ought to protect itself and the jury from fraud and collusion at any time, even after the evidence is closed; for, the Court will not presume the bona fide propounders to have been aware “ of traitors in the camp,” which is the only ground for an unfavorable inference from the fact of the objection not being made before the evidence was heard.
Whether the declarations of a legatee or devisee, tending to defeat the whole will, as if he says, the testator was insane, although against his interest, can be given in evidence, inasmuch as, if they affect him, they must necessarily affect the other next of kin; or whether, in this proceeding, the persons opposed in interest may not call and examine, as a witness, a legatee, devisee, heir or distributee — are questions to which I have given much consideration; but they are not presented by the present case.
Pee Cueiam. Sentence affirmed.